**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4037**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

     versus

JOHN HENRY STACKS, JR.,

                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (CR-01-135)

———————————

Submitted:  June 14, 2004         Decided:  January 26, 2005

———————————

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Robert J. Conrad, Jr., United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Henry Stacks, Jr., pled guilty to a nine-count indictment charging him with conspiracy to possess with the intent to distribute cocaine and cocaine base, conspiracy to commit bank robberies, carjacking, two counts of robbery, three counts of using a firearm in relation to a crime of violence and possession of a firearm by a convicted felon. On appeal, Stacks contends the district court erred by not determining the factual basis for each of the charges in accordance with Fed. R. Crim. P. 11(b)(3). He further contends the court erred by not granting his motion to withdraw his guilty plea to some of the charges. Finding no reversible error, we affirm.

Because Stacks did not seek to withdraw his guilty plea on the basis the district court failed to determine the factual basis for the pleas, review is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Under plain error review, we may notice an error that was not preserved by timely objection only if the defendant can demonstrate (1) that an error occurred, (2) that it was plain error, and (3) that the error was material or affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993). Even when these three conditions are satisfied, we retain discretion whether to correct the error, which we should exercise only if the "error

- 2 -

seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. We find there was no plain error.

A defendant who seeks to withdraw his guilty plea before sentencing must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 32(e). A "fair and just" reason is one that essentially "challenges the fairness of the Fed. R. Crim. P. 11 proceeding" or "challenges the fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). A court should closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. Id. The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). We find the court did not abuse its discretion.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED